**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001107
23-JUN-2017
08:12 AM**

NO. CAAP-14-0001107

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,v.
CHARLES LEE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DCW-13-0000125)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Charles Lee appeals from the Judgment of Conviction and Probation Sentence; Notice of Entry, entered on August 22, 2014 by the District Court of the Fifth Circuit ("District Court").[1]  Lee allegedly assaulted his girlfriend's sister ("CW") and, after a jury-waived trial, was convicted of Assault in the Third Degree in violation of Hawaii Revised Statutes ("HRS") section 707-712 (1993).

On appeal, Lee contends that the District Court erred: (1) by not requiring Appellee State of Hawaiʻi to disprove his claims of self-defense and defense of property beyond a reasonable doubt; (2) by imposing upon him a duty to retreat; (3) by considering evidence outside of what was presented at trial; and (4) by finding him guilty despite there being insufficient evidence that he acted intentionally, knowingly, or recklessly.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we resolve Lee's points of error as follows and affirm:

(1) In Lee's first point of error, he claims that "[t]he District Court denied [him] due process of law by not

_____

[1]    The Honorable Frank Rothschild presided.

requiring the State[] to disprove [his] self-defense and defense of property claims beyond a reasonable doubt given that [he] was found guilty despite insufficient evidence presented to negative these claims beyond a reasonable doubt."

In order to raise a claim of self-defense, the defendant must first come forward with some credible evidence of facts constituting the defense. *State v. Lubong*, 77 Hawai'i 429, 431, 886 P.2d 766, 768 (App. 1994). The burden then shifts to the prosecution "to disprove the facts that have been introduced or to prove facts negativing the defense and to do so beyond a reasonable doubt." *Id*. The test for self-defense "involves a two-step analysis; a determination that the defendant held a subjective belief that the force was necessary and that the subjective belief was objectively reasonable." *State v. Kawelo*, No. CAAP-14-0001146, 2015 WL 7421396, at *2 (Hawai'i App. Nov. 20, 2015) (citing *Lubong*, 77 Hawai'i at 433, 886 P.2d at 770).

Lee stated that he believed that he was acting in self-defense when he came around the corner to see what was going on, and found CW "in the next room damaging property, yelling, coming at him, and aggressively throwing punches at [him]." The District Court rejected Lee's claim of self-defense, concluding that there was no evidence in support of it apart from Lee's own testimony, and accepting CW's version of events.

Lee contends that the State failed to provide sufficient evidence to negative his claim. However, given the District Court's determination that CW's version of events was more credible than Lee's version, the State proved facts negativing Lee's self-defense claim. When reviewing the legal sufficiency of the evidence on appeal, the test is whether, "viewing the evidence in the light most favorable to the State, substantial evidence exists to support the conclusion of the trier of fact." *Lubong*, 77 Hawai'i at 432, 886 P.2d at 769. Further,

> "Substantial evidence" is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to reach a conclusion. In reviewing whether substantial evidence exists to support a conviction, moreover, due deference must be given to the right of the trier of fact to determine credibility, weigh the evidence, and draw reasonable inferences from the evidence adduced.

2

*Id.* (citations omitted).

There is substantial evidence to support the District Court's conclusion that the State disproved Lee's self-defense claim beyond a reasonable doubt. CW testified that she saw her sister, Christina, and Lee together and noted the condition of Christina's hair and face, which caused her to believe that Lee had pulled Christina's hair. CW went into Christina's empty kitchen and yelled "[Lee], you get the F out of here[,]" while slamming a pan on the table. CW testified that Lee came around the corner about 20 seconds later, and instead of stopping and yelling, like CW expected, Lee "kept on coming in, full force" and hit her in her face with his head. CW further stated that when Lee came at her, she did not attempt to hit him, and that she "never even put [her] hands up because [she] never anticipated him to come like that." The District Court found CW's testimony to be more credible than Lee's testimony, and thus the District Court did not err in concluding that Lee's use of force was not justified. *See State v. Alsip*, 2 Haw. App. 259, 262, 630 P.2d 126, 128 (1981) (noting that "[i]t is well-settled that in reviewing a decision rendered in a case tried by the court without a jury, an appellate court will indulge every reasonable presumption in favor of findings made by the court below as the basis of its decision and in the absence of specific findings, every finding of fact necessary to support the decision appealed from will be presumed to have been made" (citing 5 Am. Jur. 2d *Appeal and Error* § 840 (1962)); *Kawelo*, 2015 WL 7421396 at *2.

Lee further contends that the District Court erred when it concluded that he did not have a defense of property claim because he did not reside in Christina's house. Lee, however, fails to state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court[.]" Haw. R. App. P. 28(b)(4)(iii). Even if we assume that the issue was properly addressed to the District Court, Lee does not establish that the District Court's observation about whether Lee resided in Christina's house had any relation to Lee's claim that he was entitled to protect his

3

or Christina's property.  Rather, the transcript establishes that the discussion to which Lee refers arose in the context of Lee's request for a ruling on the claim of self-defense.

In sum, the record does not demonstrate that Lee was attempting to protect himself, the pan that CW was allegedly damaging, or Christina's house.  Therefore, the District Court did not err when it rejected Lee's claims of self-defense or defense of property.

(2) Lee's second point of error is that "[t]he District Court denied [Lee] due process of law and committed plain error by improperly imputing a duty to retreat on [him]."  Lee relies upon the District Court's statement that "[i]f you want to bring a trespass case against [CW], you can go right ahead.  A civil or a criminal, but that's not the case.  It's not about trespass. It's about an assault[,]" to substantiate his argument for error.

Lee relies on HRS section 703-304(5)(b)(i), which pertains to the use of deadly force.  This statute is inapplicable to this particular situation, as deadly force is not an issue in this case.  Lee provides no argument besides stating that the District Court plainly erred and that under the court's ruling he had no choice but to either leave the area and allow CW to continue to cause a ruckus and damage his or Christina's property, or to sit by and do nothing.  Lee's argument is factually inaccurate.  Nothing in the record shows that the District Court imposed a duty to retreat on Lee.  Furthermore, Lee is incorrect in contending that the District Court allowed him only two options, to leave the area or to sit by and do nothing.  For instance, Lee could have requested that CW not bang the pan on the table, or that CW leave Christina's house, rather than hitting his head against CW's face.  Furthermore, he could have called upon Christina to assist in addressing her sister's outburst.  There is no evidence that Lee attempted these alternative options or demonstrated that they would have been futile.  Accordingly, the District Court did not improperly impute a duty to retreat on Lee.

(3) In his third point of error, Lee asserts that the "District Court denied [him] due process of law and committed plain error by allowing and considering evidence outside of that

which was presented at trial." Lee asserts that the District Court erred when, during closing arguments, it: 1) noted that Lee and Christina had a child who was "born after the date of the incident in question"; 2) allowed the State, over Lee's objection, to repeatedly use the term "rushed" when referring to Lee coming towards CW; and 3) presumably considered the State's argument in closing that CW "willingly admitted" to police that she threatened Lee with a gas can after the alleged assault.

Lee requests that we consider the first and third items as matters of plain error, because, although he failed to object to either occurrence at trial, his substantial rights were adversely affected. Under the plain error doctrine, plain error will apply "to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." *State v. Miller*, 122 Hawai'i 92, 100, 223 P.3d 157, 165 (2010) (quoting *State v. Sawyer*, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998)). The errors alleged, however, are either not errors or are harmless beyond a reasonable doubt. As to the first item, it was harmless error in light of the evidence in the record regarding Christina's potential bias. As to the third item, the State's argument summarized CW's trial testimony and not what she told police.

The second item, though objected to at trial, is harmless. While CW did not explicitly use the word "rushed," she did testify that "he just kept on coming in, full force, hit me in my face with his head[,]" which is close to the definition of the term "rush." *Rush, Merriam-Webster's Collegiate Dictionary* (11th ed. 2003) (stating that "rush" is defined as "a violent forward motion," or "to push or impel on or forward with speed, impetuosity, or violence"). Thus, the District Court did not err in considering evidence properly before it.

(4) In his fourth point of error, Lee asserts that "the District Court erred by finding [him] guilty of the charged offense despite there being insufficient evidence to prove that [he] acted intentionally, knowingly, or recklessly." Lee argues that CW never testified that Lee's actions were intentional, and

further contends that the District Court "clearly has no experience in fighting as a very common tactic in a fight is to duck forward so as to close the distance between yourself and your attacker, thereby neutralizing their space in which they have to attack." Lee provides no legal citation to support his argument, and the argument is without merit.

The Hawaiʻi Supreme Court has stated that,

> it is not necessary for the prosecution to introduce direct evidence of a defendant's state of mind in order to prove that the defendant acted intentionally, knowingly or recklessly. Given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient. The mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all circumstances.

*Eastman*, 81 Hawaiʻi at 140-41, 913 P.2d at 66-67 (citations omitted). Although the State did not introduce direct evidence showing Lee's state of mind at the time he assaulted CW, the same substantial evidence showing that Lee's head hit CW's face also supports a finding that, at a minimum, Lee consciously disregarded a substantial and unjustifiable risk of assaulting CW. Thus, the State provided substantial evidence from which the trial court could infer that Lee assaulted CW with the minimum requisite state of mind. *See Id.* at 140, 913 P.2d at 66 (noting that "the prosecution needs only to prove the lowest of the three alternative levels of culpability, i.e. recklessness, in order to satisfy the state of mind requirement").

Based on the foregoing, the Judgment of Conviction and Probation Sentence Notice of Entry, entered on August 22, 2014 by the District Court of the Fifth Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, June 23, 2017.

Presiding Judge

On the briefs:

Kai Lawrence
for Defendant-Appellant.

Associate Judge

Sinclair Salas-Ferguson,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Associate Judge

6